1

2

3

4

5

6                     IN THE UNITED STATES DISTRICT COURT

7                  FOR THE EASTERN DISTRICT OF CALIFORNIA

8    EDWARD TERRELL,

9              Petitioner,              No. CIV S-07-0784 LKK EFB P

10       vs.

11   JEANNE. S. WOODFORD,               <u>FINDINGS AND RECOMMENDATIONS</u>

12             Respondent.

13   _____/

14          Petitioner is a state prisoner without counsel seeking a writ of habeas corpus.  *See* 28

15   U.S.C. § 2254.  On February 16, 2007, petitioner filed an application for a writ of habeas corpus.

16   Respondent moves to dismiss on the ground that he filed his petition beyond the one-year

17   limitation period.   For the reasons explained below, the court finds that the petition is timely and

18   the motion must be denied.

19   **I.      Facts**

20          On June 20, 2003, petitioner was convicted of robbery and sentenced to serve a term of

21   25 years to life in prison.  Pet., Ex. A, at 2.  The appellate court affirmed the judgment on

22   December 17, 2004.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof, Ex. B.  In their

23   briefs, the parties agree that the judgment became final on January 26, 2005.  On February 14,

24   2005, petitioner filed a petition for review in the California Supreme Court.  Resp.'s Ex. B.  On

25   February 15, 2005, that court issued an order declining to entertain the petition upon the ground

26   it was late.  *Id*.

Petitioner began the process of seeking state post-conviction relief on April 21, 2005, when he filed a petition for a writ of habeas corpus in the California Supreme Court.  Resp.'s Ex. D.  As grounds for relief, petitioner asserted that his appellate counsel was ineffective by failing timely to seek review of the appellate court's judgment affirming his conviction.  On March 22, 2006, that court summarily denied relief.  *Id.*

Several months later, on June 30, 2006, petitioner filed a petition for a writ of habeas corpus in the trial court.  Resp.'s Ex. E.  That petition asserted that the trial court lacked jurisdiction to convict him because he was illegally detained when the charges were filed.  On August 4, 2006, the trial court denied relief in a reasoned opinion on the merits.  *Id.*  On October 11, 2006, petitioner filed a habeas petition in the state appellate court raising the same grounds for relief he had presented to the trial court and that court summarily denied relief on October 19, 2006.  Resp.'s Ex. F.

Petitioner then returned to the trial court by filing a habeas petition on December 15, 2006.  Resp.'s Ex. G.  In that petition he alleged that his counsel was ineffective for failing to move to dismiss on the ground that petitioner was illegally in custody when he was charged with robbery, thereby depriving the trial court of jurisdiction and for failing to call certain witnesses petitioner believed would testify favorably for him.  *Id.*  On February 15, 2007, petitioner filed another habeas petition in the appellate court, alleging that appellate counsel was ineffective by filing the petition for review late; trial counsel was ineffective by failing to move to suppress evidence of an overly suggestive identification procedure; denial of the right to be present during the sentencing proceeding; the trial court admitted unduly prejudicial identification evidence; petitioner was illegally in custody when he was charged with robbery, thereby depriving the trial court of jurisdiction.  *Id.*  On February 20, 2007, the trial court denied the second petition in a reasoned decision on the merits.  *Id.*  On March 1, 2007, the appellate court summarily denied petitioner's second petition in that court.  *Id.*

////

1  On February 16, 2007, petitioner filed an application for a writ of habeas corpus in this

2  court in which he raises the same grounds he presented in his second petition filed in the state

3  appellate court.

4  **II.    Standards**

5  A one-year limitation period for seeking federal habeas relief begins to run from the

6  latest of the date the judgment became final on direct review, the date on which a state-created

7  impediment to filing is removed, the date the United States Supreme Court makes a new rule

8  retroactively applicable to cases on collateral review or the date on which the factual predicate of

9  a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

10  § 2244(d)(1).  Where a California prisoner fails timely to file a petition for review in the

11  California Supreme court, the judgment becomes final 40 days after the appellate court files its

12  decision.  *See* Cal. Rules of Court, Rules 8.264(b)(1), 8.5(e); Cal. Civ. Proc. Code § 12a.   A

13  "properly filed" state post conviction application tolls the statute of limitations as long as that

14  application remains "pending." 28 U.S.C.§ 2244(d)(2).   An application is properly filed when it

15  is delivered to and accepted by a court  "in compliance with the applicable laws and rules

16  governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  In California, a properly filed post

17  conviction application is "pending" during the intervals between a lower court decision and

18  filing a new petition in a higher court.  *Carey v. Saffold*, 536 U.S. 214, 223 (2002).  Once

19  respondent has demonstrated the petition is not timely, petitioner has the burden of showing facts

20  entitling him to statutory tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

21  **III.    Analysis**

22  The parties agree that the judgment of conviction became final on January 26, 2005.

23  Accordingly, the one year limitations period in which to file this action began to run the next

24  day, January 27, 2005.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir.2001)

25  (calculating AEDPA's one-year limitation period according to Fed. R. Civ. P. 6(a)).

26  Accordingly, petitioner had one year, plus any period of tolling, to commence this habeas case.

1    It appears from the parties' briefs that there is no dispute that 85 days of the limitation period

2    elapsed from the time the judgment on appeal became final until April 21, 2005, when he filed

3    his initial post-conviction application in the California Supreme Court.  The California Supreme

4    Court denied that application on March 22, 2006, and the respondent does not dispute that

5    petitioner is entitled to statutory tolling while it was actually under consideration, i.e., from April

6    21, 2005, through March 22, 2006.  Respondent, however, contends that the limitation period

7    expired on December 28, 2006, and, therefore, the February 16, 2007, federal petition is

8    untimely.  Respondent sweeps aside from any consideration the numerous other filings and

9    rulings by the California courts after March 22, 2006.

10           On June 30, 2006, 100 days after the California Supreme Court denied relief,  petitioner

11   filed a new habeas petition in the trial court.  That court issued a reasoned decision denying

12   relief on the merits on August 4, 2006.  Under respondent's analysis, no period of time is tolled

13   for petitioner to prepare and file the June 30, 2006, petition.  Respondent's approach is too

14   restrictive.  While one might argue that 100 days is too long to constitute a "reasonable period"

15   to file the next state court petition, that question is resolved by reference to California law and

16   how the California court disposed of the petition.

17           On October 11, 2006, petitioner filed another petition in the state appellate court which

18   was denied on October 19, 2006.  He filed again in the trial court on December 15, 2006, and

19   while that petition was pending, filed yet another petition in the state appellate court on February

20   15, 2007.  Significantly, the trial court issued a second reasoned decision on the merits, on

21   February 20, 2007.  The appellate court summarily denied the petition before it on March 1,

22   2007.  Again, respondent's argument is that none of these times periods are tolled.

23           Respondent has not shown that this action is untimely.  The crux of his argument is that

24   only the initial state court petition results in any period of tolling, and that none of the other state

25   court petitions provide any further period of tolling.  Thus, argues respondent, this action is

26   untimely because petitioner did not proceed directly to this court after the California Supreme

4

1    Court denied habeas relief on March 22, 2006.  Relying on *Nino v. Galaza*, 183 F.3d 1003, 1006-

2    07 (9th Cir. 1999), respondent contends that as a matter of law, "[s]tatutory tolling does not

3    apply to periods between petitions that do not form part of a progressive series from the superior

4    court, to the court of appeal, to the California Supreme Court."  Resp.'s Mot. to Dism, at 5.

5    Respondent leaps over a crucial analytical step in the statutory tolling question, i.e., whether the

6    petitions in the trial and appellate courts were  "properly filed."  See 28 U.S.C. § 2244(d)(2).

7    Thus, the court turns to this question.

8            Under the applicable statutory provision,

9            [t]he time during which a properly filed application for State post-conviction or
             other collateral review with respect to the pertinent judgment or claim is pending
10           shall not be counted toward any period of limitation under this subsection.

11   28 U.S.C. § 2244(d)(2).  Whether the five state court petitions in question here were "properly

12   filed" must be determined according to state law.[1]  Regrettably, the California courts have done

13   little to clarify how one is to determine whether a state post-conviction application for collateral

14   review is "properly filed," particularly where the question involves the time period within which

15   that state petition must be presented to the state court.  However, it is important to note that the

16   tolling provision of 28 U.S.C. § 2244(d) is designed to defuse the obvious conflict between the

17   exhaustion requirement and the one-year limitation period.  *Duncan v. Walker*, 533 U.S. 167,

18   178 (2001) (the limitation period "promotes the exhaustion of state remedies while respecting

19   the interest in the finality of state court judgments.").  The exhaustion requirement is nothing

20   more than an expression of respect for the state's obligation to be the first to consider potential

21

22       [1]  The Supreme Court has held that:

23       "an application is '*properly* filed" when its delivery and acceptance are in
         compliance with the applicable laws and rules governing filings.  These usually
24       prescribe, for example, the form of the document, the time limits upon its
         delivery, the court and office in which it must be lodged, and the requisite filing
25       fee.

26   *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original).

federal constitutional infirmities in its criminal judgments. *Williams v. Taylor*, 529 U.S. 420, 436 (2000); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Statutory tolling is intended "to give States the opportunity to complete one full round of review, free of federal interference." *Saffold*, 536 U.S. at 223. Thus, "it is the [states'] interest that the tolling provision seeks to protect . . . ." *Id.* With these policies in mind, the court turns to respondent's assertions.

One might intuitively assume, as respondent does here, that to benefit from statutory tolling, California prisoners *must* seek state post-conviction relief first in the trial court, next in the appellate court and finally in the California Supreme Court. There is an obvious, if superficial, logical attraction to orderly progression and it would seem that filing first in a higher court, and then filing in the trial and intermediate appellate courts would not constitute a sequence of properly-filed petitions. The United States Supreme Court has held that a California prisoner's state post-conviction application is "pending" during the time it takes a court to resolve a petition and during the reasonable "intervals between a lower court decision and a filing of a new petition in a higher court . . .," thereby giving California "the opportunity to complete one full round of review, free of federal interference." *Saffold*, 536 U.S. at 222, 223. The Ninth Circuit has interpreted *Saffold* to mean that once a California prisoner completes one full round of post-conviction review by beginning in the trial court and proceeding through to the California Supreme Court, he will not benefit from interval tolling if he then returns to the trial court with a new claim instead of filing a federal petition. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003). Yet, these cases address the question of whether an application was "pending," while skirting the "properly filed" requirement. *See Pace v. DeGuglielmo*, 544 U.S. 408, 414 (2005) ("What we intimated in *Saffold* we now hold: When a post-conviction petition is untimely under state law, "that [is] the end of the matter" for purposes of [the 'properly filed' requirement] of § 2244(d)(2)."). Furthermore, the Supreme Court acknowledged in *Saffold*, that given California's "original writ" system, its prisoners might not always file an initial habeas petition in the trial court. *Saffold*, 536 U.S. at 221-22. The High Court recognized that in California, a

1   higher state court *may* entertain an original petition in the first instance, but likely will deny the

2   writ.  *Id.*, at 221 (citing *In re Ramierz*, 86 Cal.App.4th 1312, 1316 (Cal. App. 2001)).  A

3   petitioner may then file a similar petition in a lower court, although the lower court could deny

4   the writ on the ground the petition is successive.  *See In re Clark*, 5 Cal.4th 750, 767-771 (Cal.

5   1993).  While this may seem counter-intuitive, the lack of a clearly defined order or sequence to

6   which "properly filed" applications must adhere cannot be attributed to the federal courts, which

7   have tried to divine specific rules in California's post-conviction system.  *See Chavis*, 126 S.Ct.

8   at 853 (discussing the absence of a specific determinate time limit and California's failure to

9   alleviate the problem by clarifying the scope of the words "reasonable time").

10       The Ninth Circuit also has acknowledged that, given the nature of California's post-

11   conviction system, a petitioner's seemingly random stagger through California's post-conviction

12   system does not necessarily render a federal petition time-barred.  *See Gaston v. Palmer*, 417

13   F.3d 1030, 1042 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006) ("Not all California

14   habeas applicants proceed through the California courts in as orderly a fashion as the applicant in

15   *Saffold*.").  Although respondent does not address *Gaston*, the court finds the Ninth Circuit's

16   discussion therein instructive here.

17       *Gaston* involved a petitioner who filed six habeas applications in California's state

18   courts.  *Gaston*, 414 F.3d at 1033.  He filed first in the appellate court, next in the trial court and

19   then in the California Supreme Court.  *Id.*  He then returned to the trial court, and upon denial of

20   relief  filed in the appellate court and again in the California Supreme Court.  *Id.*  The

21   petitioner's second, third, fourth and fifth petitions were denied without comment, which the

22   Ninth Circuit construed (consistently with its precedent at the time), as decisions on the merits.

23   *Id.*, at 1038. The Ninth Circuit reviewed the precedent and rules governing California's post-

24   conviction remedies, and observed that the timeliness of the federal petition rested entirely on

25   whether the state petitions were "properly filed" within the meaning of § 2244(d)(2).  *Id.*, at

26   1038.  The court decided that when a California court disposes of a habeas petition on the merits,

1    this "necessarily implies that [it] was 'properly filed," because it is axiomatic that a court will

2    not rule on the merits of an improperly filed application."  *Gaston*, 447 F.3d at 1038.

3         This court is aware that since *Gaston* was decided, the Supreme Court has instructed the

4    lower courts that an order stating that a petition was "denied on the merits," is not necessarily an

5    "absolute bellwether" on the question of timeliness.  *Chavis v. Evans*, 126 S.Ct. at 852.

6    Moreover, the rule announced in *Chavis* resulted in the Ninth Circuit issuing an amended

7    opinion in *Gaston* finding that petitioner was not entitled to interval tolling.  *Gaston*, 447 F.3d at

8    1166.  But *Chavis* did not alter the Ninth Circuit's assessment of how California's post-

9    conviction system functions or how it in fact continues to function.  The decision in *Chavis*

10   simply did not impose a rule of progression from the trial court to the California Supreme Court.

11   In *Chavis*, the issue was whether a California prisoner's habeas petition filed in the California

12   Supreme Court three years after the appellate court denied relief was "pending," for purposes of

13   statutory tolling.  *Chavis*, 126 S.Ct. at 849.  The application was "pending" only if it was

14   "properly filed," which in turn depended on whether it was filed within a "reasonable time"

15   under California law.  *Id.*, at 851-52.  The California Supreme Court's order denying relief

16   stated, "Petition for writ of habeas corpus is DENIED," *id.*, at 851, giving no hint of whether the

17   petition was timely or not.  Ultimately, the Court decided that so long as California clings to its

18   nebulous "reasonable time" standard, in cases where its courts give no "clear indication that a

19   particular request for appellate review was timely or untimely," the federal courts must "examine

20   the delay in each case and determine what the state courts would have held in respect to

21   timeliness."  *Id.*, at 852.

22        A similar question arose in *Saffold*, where the petitioner filed a habeas application in the

23   California Supreme Court four-and-one-half months after the appellate court's order denying

24   relief.  *Saffold*, 536 U.S. at 226.  There, the California Supreme Court denied the petition "on the

25   merits and for lack of diligence."  *Id.*, at 225.  The California Supreme Court's reference to the

26   merits did not conclusively establish that the petition was timely because a court "will

1    sometimes address the merits of a claim that it believes was presented in an untimely way . . . ."

2    *Id.*, at 225-26.  Thus, while not clear, the order's language suggested that the petition was late

3    but lacked merit in any event.  The ambiguity, however, made it impossible for the federal courts

4    to say with any level of certainty without further probing in the District Court.

5         This case differs materially from both *Chavis* and *Saffold* in this important respect.  Here,

6    the trial court did not deny petitioner's habeas applications on the ground that they were

7    successive.  Neither did it issue oblique orders stating, "denied on the merits."  Rather, it issued

8    reasoned opinions on the merits, explaining why petitioner's claims failed under the applicable

9    law.  The denials contained not one word about timeliness or any other procedural matter.

10   California's nebulous criteria allow the state courts wide discretion in determining whether a

11   petition is late or filed in the wrong court.  As with timeliness, if California wanted strict limits

12   on the time and manner for filing habeas petitions, presumably it would delineate them.  *See*

13   *Chavis*, 546 U.S. at 853 (noting that California is free to enact specific time limits for seeking

14   post-conviction relief).  To date, it has not done so.  Bearing all the above in mind, the court now

15   turns to the question of whether petitioner's state habeas petitions were "properly filed" and

16   "pending" so as to toll the limitations period long enough to render his federal petition timely.

17        The parties agree that the conviction became final on January 26, 2005, giving

18   petitioner until January 26, 2006, to file a federal petition.  From the date the conviction became

19   final until April 21, 2005, when petitioner filed his initial habeas petition in the California

20   Supreme Court, 85 days of the limitation period elapsed, pushing the federal filing date out to

21   April 21, 2006.  Respondent concedes that the April 21, 2005, petition in the California Supreme

22   Court tolled the limitations period at least until relief was denied on March 22, 2006, i.e., 335

23   days.  At that point, petitioner had until March 22, 2007, to file his federal petition.  Under *Pace*

24   and *Chavis*, petitioner's June 30, 2006, petition in the trial court was "properly filed."  Therefore,

25   petitioner is entitled to statutory tolling for the 100-day interval between the California Supreme

26   Court's denial and the filing of the new petition in the trial court and the time the petition was in

fact under consideration.  However, even without any of the 100 days being tolled, the federal petition is timely.  The trial court denied relief on August 4, 2006, and 68 days later, on October 11, 2006, petitioner filed an application for habeas relief in the appellate court.  On October 19, 2006, the appellate court denied relief without comment or citation.  The court acknowledges that the decision in *Chavis* suggests that 68 days might not be"reasonable," because it is outside the 30 to 60 days other states allow to appeal a lower court's denial of post-conviction relief.  *Chavis*, 546 U.S. at 849-50, 853.  However, respondent has not argued that the appellate court was of that same opinion.  Thus, the court finds that it was reasonable.  Petitioner filed a second petition in the trial court on December 15, 2006, 57 days after the appellate denied relief.  While the trial court was considering that petition, petitioner filed his second petition in the appellate court on February 15, 2007.  He filed his federal petition on February 16, 2007, and on February 20, 2007, the trial court denied petitioner's second habeas application in a reasoned decision on the merits.  For the same reason, the trial court's first reasoned decision signaled that petitioner's first application in that court was "properly filed," so was petitioner's second habeas petition in that court "properly filed."  Petitioner filed his federal habeas petition before the trial court denied the second application, and therefore whether petitioner "properly filed" his second petition in the appellate court is inapposite.  The court finds that petitioner used only 85 days of the limitation period, i.e. the time petitioner waited to file his initial habeas petition in the California Supreme Court.  Thus, the that the February 16, 2007, federal petition is timely.

**IV.    Conclusion**

For the reasons explained above, respondent fails to show that the February 16, 2007, federal petition was filed beyond the one-year limitation period.  Respondent's motion to dismiss must be denied.

////

////

////

Accordingly, it is hereby RECOMMENDED that:

1.  Respondent's September 24, 2007, motion to dismiss be denied, and that respondent be admonished that he may not file a second motion to dismiss.

2.  That respondent be given 30 days to file an answer and that the answer shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application.  *See* Rule 5, Fed. R. Governing § 2254 Cases.

2.  That petitioner be given 30 days thereafter to file his reply, if any.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 22, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE