UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRELL,<br><br>               Petitioner,<br><br>   v.<br><br>JEANNE S. WOODFORD,<br><br>               Respondent. | No. CIV S-07-784 MJP<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

       This matter comes before the Court on Edward Terrell's petition for writ of habeas corpus. (Dkt. No. 3.) Having reviewed the petition, response (Dkt. No. 27), and the balance of the record, the Court DENIES the petition for the reasons set forth below.

**Background**

       Mr. Terrell is a state prisoner who is currently incarcerated at the High Desert State Prison in Susanville, California. He seeks relief under 28 U.S.C. § 2254 from his 2003 San Joaquin County Superior Court conviction on one count of violation of California Penal Code section 211, robbery.

       Mr. Terrell was charged with committing a bank robbery on September 10, 2001. On direct review, the Court of Appeal of the State of California described the facts of the case as follows:

ORDER DENYING HABEAS PETITION — 1

> Two bank tellers noticed an ill-at-ease customer in line at the start of the business day. He was not one of the bank's regular patrons. The teller whom he approached had earlier wiped down the counter in front of her window with a spray cleaner and paper towels. Her suspicions that he was a potential robber were confirmed when he passed her a note declaring that intention. She put money on the counter and he walked out. Because he had pressed his hands flat on the counter, she covered it with white copy paper. At trial, she and her supervisor identified the defendant as the robber. Another teller and a customer were not able either before or at trial to identify the defendant positively as the robber. The fingerprints on the counter matched the defendant's without any doubt in the mind of the testifying criminalist.

(Ex. B at 1-2.) Mr. Terrell was convicted on February 13, 2003 and, with enhancements for prior convictions, received a sentence of 25 years to life in prison.

Mr. Terrell filed this timely petition seeking a writ of habeas corpus on March 27, 2007. (See Dkt. Nos. 18 & 20 (finding petition timely filed).) Petitioner identifies three grounds for relief in his habeas petition: (1) ineffective assistance of appellate counsel for failure to file a timely petition for review; (2) ineffective assistance of trial counsel for failure to challenge identification evidence and testimony; and (3) improper denial of his right to be present during sentencing.

**Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996, 110 Stat. § 1214 (1996) ("AEDPA"), applies to this petition for habeas corpus because it was filed after April 24, 1996. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). Under AEDPA, a writ may issue only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Clearly established Federal law" refers only to the holdings of the Supreme Court's decisions, and does not include dicta. See Carey v. Musladin, 549 U.S. 70, 74 (2006). A state-court decision is contrary to clearly established Supreme Court precedent if the decision "contradicts the governing law set forth in [Supreme Court] cases." Williams v. Taylor, 529

ORDER DENYING HABEAS PETITION — 2

U.S. 362, 405 (2000). A state-court decision is an unreasonable application of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407.

To warrant the issuance of a writ, a federal court reviewing a habeas petition must be convinced that the state court's decision is "more than incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75 (2003). The state court's decision must be "objectively unreasonable." Id. Federal courts must presume the correctness of the state court's factual findings, but Petitioner may rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Respondent does not raise the issue of whether Mr. Terrell has properly exhausted each of his three grounds for relief by properly presenting them to the state courts. See 28 U.S.C. § 2254(b)(1). Nonetheless, this Court can deny the petition on the merits without reaching the issue of exhaustion. 28 U.S.C. § 2254(b)(2).

**Discussion**

1. Ground One: Ineffective Assistance of Appellate Counsel

Mr. Terrell first argues that he received ineffective assistance of appellate counsel when his attorney failed to file a timely petition for review with the California Supreme Court. After his conviction, Mr. Terrell filed a direct appeal on March 5, 2004 that raised five issues. The court issued a substantive decision on the merits on December 17, 2004 that affirmed Mr. Terrell's judgment and sentence. (Ex. B.)

On February 14, 2005, Mr. Terrell filed an untimely petition for review with the Supreme Court of California, along with a motion for relief from default. (Ex. C.) In his petition to the Supreme Court, Mr. Terrell raised four of the issues previously brought before the Court of Appeal. The Supreme Court of California denied Mr. Terrell's application for relief from default on February 15, 2005, and did not reach the merits of his petition. (Id.)

On April 21, 2005, Mr. Terrell filed a petition for writ of habeas corpus with the California Supreme Court that raised only the issue of ineffective assistance of appellate counsel.

1 (Ex. D.) The Supreme Court denied the petition on March 22, 2006 without issuing an opinion on the merits. Mr. Terrell has filed four additional petitions for writ of habeas corpus in state court, and all have been denied. (Exs. E, F, G, & H.) Because there has been no reasoned decision addressing the merits of Mr. Terrell's claim for ineffective assistance of appellate counsel, the Court must conduct an independent review of the record to determine whether the state court erred in its application of controlling federal law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000).

Under clearly established federal law, a petitioner will demonstrate ineffective assistance of counsel by showing that: (1) his counsel's performance was deficient such that it fell below an objective standard of reasonableness; and (2) he was prejudiced by his counsel's deficient performance such that, but for counsel's errors, "the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

Mr. Terrell's appellate counsel, Susan Keiser, failed to file a timely petition for review with the Supreme Court of California after the Court of Appeal issued its decision affirming Mr. Terrell's conviction and sentence. Ms. Keiser states that she was unaware that the deadline for filing the petition had passed because she was never notified that the Court of Appeal had issued its opinion. (Keiser Decl., Dkt. No. 3 at 27; Ex. D.) The record shows that Ms. Keiser did not receive a copy of the Court of Appeal's opinion in the mail. (Id.) Ms. Keiser believes that "the copy of the opinion mailed to [her] was either lost or mis-delivered by the U.S. Postal Service. (Id. at ¶ 3.)

In evaluating whether appellate counsel's conduct was objectively unreasonable, the Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland, 466 U.S. at 690. The Supreme Court has held that counsel's failure to file a timely notice of appeal is professionally unreasonable when the defendant specifically instructed the attorney to file the notice. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). However, the record before the Court contains no indication that Mr.

ORDER DENYING HABEAS PETITION — 4

Terrell instructed Ms. Keiser to file a petition for review of the Court of Appeal decision. Additionally, the available authority addresses counsel's responsibility to file a timely notice of appeal after judgment is entered, while Mr. Terrell's circumstance involves a subsequent petition for review. See Roe, 528 U.S. at 477 (collecting cases). Given this record, it is unclear to the Court whether Ms. Keiser's failure to file a timely petition for review fell below an objective standard of reasonableness.

Nonetheless, Mr. Terrell has not shown ineffective assistance of appellate counsel because he has failed to demonstrate prejudice resulting from the procedural default caused by his late petition for review. Mr. Terrell's direct appeal raised five issues, and each of them was rejected on the merits by the Court of Appeal. (See Ex. B.) Mr. Terrell raised four of those same issues in his petition before the Supreme Court: (1) whether the trial court violated Mr. Terrell's right to self-representation when it denied his motion pursuant to Faretta v. California, 422 U.S. 806 (1975); (2) whether Mr. Terrell's trial counsel provided ineffective assistance when he failed to move to exclude witness testimony identifying Mr. Terrell as the robber; (3) whether the trial court improperly removed Mr. Terrell from the courtroom during sentencing; and (4) whether Mr. Terrell's sentence constitutes cruel and unusual punishment. (Ex. C.) Mr. Terrell has failed to demonstrate that the Supreme Court would have overturned the decision of the Court of Appeal on any of these issues had his petition been heard.

On the current petition for writ of habeas corpus, this Court has independently reviewed the law governing Mr. Terrell's arguments for reversal and finds no error in the substantive opinion issued by the Court of Appeal. On the Faretta issue, the Court of Appeal found that Mr. Terrell effectively withdrew his request to represent himself when he raised the issue once, but failed to raise it again after additional proceedings, including a competency examination. (See Ex. B at 3-5.) The record and the case law support this conclusion. Second, as discussed below, the Court of Appeal did not err in concluding that Mr. Terrell's trial counsel exercised a reasonable tactic when he allowed evidence of witness identifications of Mr. Terrell "and then

ORDER DENYING HABEAS PETITION — 5

attempt[ed] to demonstrate their unreliability[.]" (Id. at 7-8.) Third, also discussed below, this Court finds no error in the Court of Appeal's conclusion that Mr. Terrell's absence at sentencing was "harmless beyond a reasonable doubt." (Id. at 14.) Finally, this Court finds that the Court of Appeal did not err in finding that Mr. Terrell's sentence did not constitute cruel and unusual punishment under the applicable authority. (Id. at 15-16.) Based on these conclusions, the Court finds that Mr. Terrell was not prejudiced by his appellate counsel's failure to bring a timely petition for review of these issues before the California Supreme Court.

Because Mr. Terrell has failed to demonstrate prejudice resulting from his appellate counsel's conduct, he has not met the standard for ineffective assistance of counsel and his petition on this ground must be denied.

2. Ground Two:  Ineffective Assistance of Trial Counsel

To support his second ground for relief, Mr. Terrell asserts that his trial counsel provided ineffective assistance by allowing the introduction of excludeable identification evidence. (Dkt. No. 3 at 16.) Mr. Terrell presented this issue to the California Court of Appeal on direct appeal and the court issued a reasoned decision on the merits. (Ex. A at 28-42; Ex. B at 6-8.) Under AEDPA, the Court of Appeal's decision is entitled to deference by this Court. See Campbell v. Rice, 408 F.3d 1166, 1168 (9th Cir. 2005). The Court must now determine whether the state court unreasonably applied the clearly established federal standard for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668 (1984).

In its decision, the Court of Appeal noted that Mr. Terrell's trial counsel did not move to exclude the bank tellers' in-court identifications of Mr. Terrell as the robber. (Ex. B at 6.) Only one of the tellers had previously identified Mr. Terrell as the bank robber during a physical lineup, and she had been unable to identify Mr. Terrell in a prior photographic lineup. (Dkt. No. 3 at 15-16.) Mr. Terrell was the only individual present in both the photographic and physical lineups, and no other witness was able to identify him in either of the lineups. (Id.) Mr. Terrell argues that the multiple displays of his image to the bank tellers were unfairly suggestive and led

to their in-court identifications, and that trial counsel erred in failing to move to exclude the identification evidence.

The Court of Appeal found that trial counsel's conduct did not constitute ineffective assistance. (Ex. B at 8.) The court noted that identification procedures such as lineups are unnecessarily suggestive "only where the same photograph [is] reused or if the lineups followed each other quickly enough for the witness to retain a distinct memory of the prior lineup." (Id. at 7 (internal quotation marks omitted) (citing People v. Yeoman, 31 Cal.4th 93, 123 (Cal. 2003).) In Mr. Terrell's case, the viewing of the photographic lineup and the viewing of the live physical lineup were more than a month apart. (Id. at 8.) The court therefore concluded that Mr. Terrell's trial counsel would have had "no basis" for bringing a motion to exclude. (Id.)

The Court of Appeal went on to state that:

> [e]ven if there were a kernel of a basis to bring a motion to exclude the in-court identifications, we cannot conclude that trial counsel was ineffective for failing to pursue it. It is a reasonable tactic to allow the identifications and then attempt to demonstrate their unreliability on the basis that the defendant was the only common element between the array and the lineup. This was exactly trial counsel's tack in closing argument[.]

(Ex. B at 8.) The Court of Appeal's conclusion does not constitute an unreasonable application of federal law. Under Strickland, "scrutiny of counsel's performance must be highly deferential." 466 U.S. at 689. Additionally, the determination of whether counsel's conduct was reasonable must consider "the range of legitimate decisions regarding how best to represent a criminal defendant." Id.

Mr. Terrell's trial counsel chose to attack the reliability of the identification evidence instead of moving to exclude it. As noted by the Court of Appeal, it is unlikely that a motion to exclude would have been successful. Instead, trial counsel's closing argument and cross-examination of the witnesses clearly indicate an attempt to undermine the identification evidence by "demonstrating the suggestiveness of the identification procedure, and ... attack[ing] each witness's identification." (Ex. C at 21 (citing R.T. pp. 174-182, 319-333, 344-347).) Such a tactic "falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at

ORDER DENYING HABEAS PETITION — 7

689.

Because the conduct of Mr. Terrell's trial counsel did not fall below an objective standard of reasonableness, Mr. Terrell has not shown ineffective assistance of counsel and his petition on this ground must also be denied.

3. <u>Ground Three: Improper Removal of Defendant During Sentencing</u>

Finally, Mr. Terrell contends that the trial court violated his due process rights when it excluded him from sentencing. (Dkt. No. 3 at 17-19.) Mr. Terrell raised this issue on direct appeal, and the California Court of Appeal issued a substantive decision on the merits. (Ex. B at 10-14.) Under AEDPA, the Court of Appeal's decision is entitled to deference by this Court. <u>See</u> <u>Campbell v. Rice</u>, 408 F.3d 1166, 1168 (9th Cir. 2005). The Court must now determine whether the state court's decision was contrary to or unreasonably applied clearly established federal law. 28 U.S.C. § 2254(d).

During a hearing on post-trial motions and the sentencing phase of trial, the trial judge removed Mr. Terrell from the courtroom after Mr. Terrell emitted a voluble outburst, threw an object at the bench, and physically attacked his counsel. (R.T. 752, 755-56, 759.) After receiving a report that Mr. Terrell refused to re-enter the courtroom for the remainder of the proceedings, the trial judge continued with sentencing over the objection of defense counsel. (R.T. 756-760.) Mr. Terrell now contends that the trial court erred because it should have granted a continuance of the proceeding or allowed Mr. Terrell to "cool off" and then re-enter the courtroom before sentencing. (Dkt. No. 3 at 15-19.)

As Mr. Terrell notes, a criminal defendant has a constitutional right to be present at every stage of his trial. <u>Illinois v. Allen</u>, 397 U.S. 337, 338 (1970). The Supreme Court has recognized that this right, rooted largely in the Confrontation Clause of the Sixth Amendment, is also "protected by the Due Process Clause in some situations where the defendant is not actually confronting witnesses or evidence against him." <u>United States v. Gagnon</u>, 470 U.S. 522, 526 (1985). The Supreme Court has stated that:

ORDER DENYING HABEAS PETITION — 8

> a defendant has a due process right to be present at a proceeding whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge. The presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.

Id. at 526-527 (internal citations and quotation marks omitted). Any exclusion of a defendant from a trial proceeding should be considered in light of the whole record. Id.

Additionally, "violation of the right to be present is trial error, subject to harmless error review." Hovey v. Ayers, 458 F.3d 892, 902 (9th Cir. 2006) (citing Gagnon, 470 U.S. at 526). The California Court of Appeal correctly applied this standard in its analysis of the trial court's decision to exclude Mr. Terrell during sentencing. (Ex. B at 14.) In response to Mr. Terrell's argument that he was denied an opportunity to personally address the trial court before sentencing, the Court of Appeal concluded that, because Mr. Terrell had "two prior convictions and a record of continuos criminal activity dating back 17 years interrupted only with imprisonment, the outcome [of sentencing] was foreordained[.]" (Ex. B at 14.) Therefore, the state court concluded, Mr. Terrell's absence was "harmless beyond a reasonable doubt." (Id.)

The state court's decision did not unreasonably apply federal law. The entirety of the record, including Mr. Terrell's disruptive behavior in previous proceedings (see Ex. B at 13; R.T. 756) and Mr. Terrell's criminal history, supports the state court's conclusion that Mr. Terrell's absence at sentencing was harmless. When combined with the robbery conviction, Mr. Terrell's history of prior criminal activity dictated the sentence he received. Therefore, the state court was not unreasonable in concluding that any personal address to the court during sentencing or any possible prejudice caused by his violent outburst would have had no influence on the outcome. Mr. Terrell's absence from sentencing did not thwart his right to "a fair and just hearing." Gagnon, 470 U.S. at 527.

Because the California Court of Appeal did not unreasonably apply federal law in finding that Mr. Terrell's absence at sentencing did not violate his due process rights or cause him harm, Mr. Terrell's petition on this ground must also be denied.

**Conclusion**

Because he has failed to demonstrate entitlement to relief on any ground presented, the Court hereby DENIES Mr. Terrell's petition for writ of habeas corpus.

The clerk is directed to send a copy of this order to all counsel of record and to mail a copy to Petitioner.

Dated: March 16, 2009

*/s/ Marsha J. Pechman*

Marsha J. Pechman
U.S. District Judge

ORDER DENYING HABEAS PETITION — 10