UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRELL,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>JEANNE S. WOODFORD,<br><br>　　　　　Respondent. | No. CIV S-07-784 MJP<br><br>ORDER DENYING PETITIONER'S APPLICATION FOR CERTIFICATE OF APPEALABILITY |

　　　　This matter comes before the Court on Petitioner's application for certificate of appealability. (Dkt. No. 36.) This Court denied Mr. Terrell's petition for writ of habeas corpus on March 17, 2009. (Dkt. No. 33.) Having reviewed Mr. Terrell's current application and the balance of the record, the Court DENIES the request for a certificate of appealability for the reasons set forth below.

　　　　Mr. Terrell is a state prisoner who is currently incarcerated at the High Desert State Prison in Susanville, California. On March 27, 2007, Mr. Terrell filed a timely petition seeking a writ of habeas corpus that proposed three grounds for relief: (1) ineffective assistance of appellate counsel for failure to file a timely petition for review; (2) ineffective assistance of trial counsel for failure to challenge identification evidence and testimony; and (3) improper denial of his right to be present during sentencing. (Dkt. No. 3.) This Court denied the petition on all

ORDER DENYING CERTIFICATE OF APPEALABILITY— 1

grounds. (Dkt. No. 33.) Mr. Terrell now seeks a certificate of appealability only on the issue of ineffective assistance of appellate counsel. (Dkt. No. 36 at 3–4.)

Under 28 U.S.C. § 2253(c), a petitioner may not appeal the denial of a habeas corpus petition unless the district court or a circuit court issues a certificate of appealability. The Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this requirement, the petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). This Court rejected Mr. Terrell's constitutional claim regarding ineffective assistance of counsel on the merits. The Court now concludes that reasonable jurists would not find the Court's assessment of that claim debatable and denies Petitioner's request for a certificate of appealability.

Mr. Terrell asserts ineffective assistance of appellate counsel because his appellate counsel, Susan Keiser, failed to file a timely petition for review with the Supreme Court of California after the Court of Appeals issued a decision affirming Mr. Terrell's conviction and sentence. (Dkt. No. 33 at 3.) Ms. Keiser states that she never received a copy of the Court of Appeals decision by mail, and was unaware that the deadline for filing a petition for review had passed. (Keiser Decl., Dkt. No. 3 at 27.) Mr. Terrell did file an untimely petition with the Supreme Court of California along with a motion for relief from default on February 14, 2005, but the motion was denied. (Dkt. No. 33 at 3.) On April 21, 2005, Mr. Terrell filed a petition for writ of habeas corpus with the Supreme Court of California that raised only the issue of ineffective assistance of appellate counsel for failure to file a timely petition for review, which the Court denied on March 22, 2006. (Id. at 3–4.)

This Court denied Mr. Terrell's habeas petition because Mr. Terrell failed to demonstrate prejudice resulting from the procedural default caused by his late petition for review. (Id. at 5.)

ORDER DENYING CERTIFICATE OF APPEALABILITY— 2

Because the Supreme Court of California had denied Mr. Terrell's previous habeas petition on this ground without issuing a reasoned opinion, this Court conducted "an independent review of the record to determine whether the state court erred in its application of controlling federal law." (Dkt. No. 33 at 4.) In his current motion, Mr. Terrell appears to mistake this statement as an intention to rule on the substance of a claim that has not yet been exhausted in state court. (Dkt. No. 36 at 4 ("[T]he court made its determination based on assumption that, the state court given an order on all of Mr. Terrel[l]'s claims raised at direct appeal, and full exh[a]usted [sic]. This is untrue and the district court erred in giving a review on claim unexhausted [sic].") Because Mr. Terrell exhausted his remedies in state court when he filed a habeas petition on the issue of ineffective assistance of appellate counsel with the Supreme Court of California, this Court did not err in reaching the merits of that claim. See Cassett v. Stewart, 406 F.3d 614, 622 (holding that a federal court may not deny an unexhausted petition on the merits if a colorable claim exists).

Applying Strickland v. Washington, 466 U.S. 668 (1984), this Court denied Mr. Terrell's claim of ineffective assistance of appellate counsel because Mr. Terrell failed to demonstrate prejudice resulting from his counsel's failure to file a timely petition for review of the Court of Appeals' decision. Each of the four issues raised in Mr. Terrell's untimely petition for review had been addressed by the Court of Appeals in a reasoned decision. (Dkt. No. 33 at 5.) Mr. Terrell failed to demonstrate that the Supreme Court would have overturned the decision of the Court of Appeals on any of those issues had his petition been heard. (Id.) In the current motion, Mr. Terrell has made no showing that appellate counsel's action resulted in a denial of a constitutional right. Instead, Mr. Terrell has provided the Court with a copy of a letter from his appellate counsel dated June 16, 2006 that discusses the California Supreme Court's denial of Mr. Terrell's petition for writ of habeas corpus on the issue of ineffective assistance of appellate counsel, and that instructs Mr. Terrell on the deadline for filing a petition for writ of habeas corpus in federal court. (Dkt. No. 38 at 3.) This evidence does not support a finding that

1 appellate counsel's failure to file a timely petition with the California Supreme Court resulted in
2 prejudice to Mr. Terrell.
3     Because Mr. Terrell has not made a substantial showing of a denial of a constitutional
4 right or demonstrated that the decision of this Court dismissing his federal habeas petition is
5 debatable or wrong, the Court DENIES the motion for a certificate of appealability.
6     The Clerk is directed to send copies of this order to all counsel of record and a copy by
7 mail to Petitioner.
8     Dated this 29th day of June, 2009.

                      Marsha J. Pechman
                      U.S. District Judge

ORDER DENYING CERTIFICATE OF APPEALABILITY— 4